**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3294-19

MARTHA VALDEZ and
JOSE VALDEZ, her spouse,

     Plaintiffs-Appellants,

v.

BROOKLYN'S COAL BURNING
BRICK OVEN PIZZERIA, LLC,
JOHN GRIMALDI, and JULIE
GRIMALDI REALTY GROUP,
LLC,

     Defendants-Respondents.

_____

Argued July 13, 2021 – Decided August 3, 2021

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5142-18.

Grace Elizabeth Robol argued the cause for appellants (Davis, Saperstein & Salomon, PC, attorneys; Lisa A. Lehrer, of counsel and on the briefs).

Paul J. Endler, Jr., argued the cause for respondents (Methfessel & Werbel, attorneys; Paul J. Endler, Jr., and David Incle, Jr., on the brief).

PER CURIAM

Plaintiffs Martha and Jose Valdez[1] appeal from the Law Division order granting the summary judgment dismissal of their personal injury action against Brooklyn's Coal Burning Oven Pizzeria, LLC, John Grimaldi, and Julie Grimaldi Realty Group, LLC, based upon alleged spoliation of evidence. For the following reasons, we reverse and remand for further proceedings.

I.

We derive the following facts from the motion record. On May 27, 2017, plaintiff and her husband ordered a pizza and mozzarella sticks from defendants' pizzeria in Hackensack. When they arrived at the pizzeria, plaintiff's husband went inside and picked up the food. Upon returning to the car, he placed the pizza on the floor in front of plaintiff; in addition, he handed a bag containing the mozzarella sticks and marinara sauce to plaintiff, who held the bag on her lap. The mozzarella sticks were in a foil pan with a cardboard top, while the

---

[1] In this opinion, we refer to Martha and Jose Valdez collectively as "plaintiffs," and Martha Valdez individually as "plaintiff." Plaintiff's husband sues per quod.

marinara sauce was in a separate cardboard cup with a lid. Plaintiff testified she knew from previous trips to the pizzeria the container that held the marinara sauce was hot enough that she had to put the container down when holding it.

After leaving the pizzeria, plaintiff and her husband drove fifteen minutes to the home of a relative to drop off water bottles for a party. During this drive, plaintiff did not notice any heat or wetness emanating from the bag. Upon arrival, plaintiff's husband exited the vehicle to carry the water into the house, while plaintiff remained in the car. At that point, plaintiff "felt the burn" and looked down to see marinara sauce on her jeans. Feeling the sauce burning her thigh, plaintiff recounted, "I screamed" and "went to get out of the car, not realizing I still had my seat belt on." She encountered difficulty in unbuckling her seat belt as she "was just going crazy." At that point, plaintiff threw the whole bag with the mozzarella sticks and the sauce "out the window." She then opened the car door and told her husband, "Let's go. Let's go." Plaintiffs then went home, without recovering the bag.

After they arrived home, plaintiff removed her jeans, took a photo of her burn, and sent it to her sister, who told her to go to the hospital "because that looks very bad and could get infected." Before going to the hospital, plaintiff called the pizzeria and reported she had been burned by the hot marina sauce.

A-3294-19

She further recounted stating, "You guys have to be careful because somebody else could get hurt." Plaintiff then went to the emergency room, where she received treatment for the burn. According to plaintiff's medical expert, plaintiff sustained "a deep second-degree burn with a small element of third-degree burn[,]" with a resulting "hyper[-]pigmented permanent scar . . . ."

Approximately six months after plaintiff sustained her injury, an investigator for plaintiffs made a purchase of mozzarella sticks and marinara from defendants' pizzeria. Testing of the sample cup of marinara sauce revealed a temperature of 178.8 degrees Fahrenheit. According to plaintiffs' medical expert, "a hot liquid at 162 degrees Fahrenheit contacting human adult skin causes second or third-degree burns."

On July 13, 2018, plaintiffs filed a complaint against defendants, alleging plaintiff sustained "severe personal injuries" due to defendants' "careless, reckless, and/or negligent manufacturing, marketing, assembling, inspection, packaging, and/or sale of the marinara sauce."

In January 2020, defendants filed the motion under review, solely based upon spoliation of evidence. Defendants asserted that plaintiff "spoliated and destroyed not only the most critical, but the only piece of evidence . . . essential to proceeding with her claim." Defendants further contended that summary

judgment was the only appropriate remedy, "as there's no lesser sanction that's available to remedy the prejudice" they suffered. Plaintiff opposed the motion.

The motion court determined that plaintiff's act of "[d]iscarding the marina sauce container prejudices [defendants] in their ability to defend this action. Defendant[s] cannot determine if the containers were mishandled by [plaintiff] or assess comparative fault on behalf of [plaintiff]." The court further noted that

> [p]laintiff has also not produced the jeans that she was wearing on the day of the spill. Nor has she produced photographs of the same. Without either the container of sauce or the jeans, there is no way of determining if the sauce was mispackaged, or if [p]laintiff's own negligence contributed to the injury. Discovery sanctions will not contribute to [p]laintiff being able to prove her claim nor provide an avenue for [defendants] to defend [themselves].

Finding no genuine issue of material fact, the court granted summary judgment to defendants.

On appeal, plaintiffs argue the trial court mistakenly viewed their claim that the sauce was too hot as a negligent packaging claim. Plaintiffs further argue that even under the trial court's misinterpretation of their claim, summary judgment was not a proper remedy for the alleged spoliation of evidence.

5

A spoliation claim arises when a party in a civil action has hidden, destroyed, or lost relevant evidence and thereby impaired another party's ability to prosecute or defend the action. Rosenblit v. Zimmerman, 166 N.J. 391, 400-01 (2001); Manorcare Health Servs., Inc. v. Osmose Wood Pres., Inc., 336 N.J. Super. 218, 226 (App. Div. 2001). When litigation is likely, a prospective party aware of that probability has an obligation to preserve evidence foreseeably important to its adversary. Aetna Life and Cas. Co. v. Imet Mason Contractors, 309 N.J. Super. 358, 365-67 (App. Div. 1998).

Parties are not obligated to preserve every item and document once a complaint is filed; however, they are required to do "what is reasonable under the circumstances." Hirsch v. Gen. Motors Corp., 266 N.J. Super. 222, 250 (Law Div. 1993) (quoting County of Solano v. Delancy, 264 Cal. Rptr. 721, 731 (1989)). That duty to preserve evidence arises when there is: "(1) pending or probable litigation involving the defendants; (2) knowledge by the plaintiff of the existence or likelihood of litigation; (3) foreseeability of harm to the defendants, or in other words, [a likelihood that] discarding the evidence would be prejudicial to defendants; and (4) evidence relevant to the litigation." Ibid. The existence of a duty is a question of law. Aetna Life, 309 N.J. Super. at 365.

Trial courts have broad authority to sanction abusive discovery tactics and a reviewing court will not disturb the sanctions if "they are just and reasonable under the circumstances." Id. at 365. With respect to sanctions for spoliation, the goal is to make the prejudiced party whole, as much as possible, by "rectifying the prejudice caused by the spoliation so as to place[ ] the parties in equipoise." Robertet Flavors v. Tri-Form Const., 203 N.J. 252, 273 (2010) (quoting Hirsch, 266 N.J. at 266). Remedies for spoliation of evidence include use of discovery sanctions, an adverse inference, or a separate cause of action for fraudulent concealment. Id. at 272. Dismissal of a claim "will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party." Id. at 274 (quoting Zaccardi v. Becker, 88 N.J. 245, 253 (1982)).

## III.

We agree with the motion court that plaintiff had a legal duty to preserve the marinara sauce container and other packaging. As the court pointed out, it is foreseeable that a customer would bring suit after sustaining a burn from a prepared food, especially if the burn requires treatment at a hospital. The obligation to preserve evidence arises when litigation is probable, not when a plaintiff decides to bring suit. Hirsch, 266 N.J. at 250. Failure to retrieve the

A-3294-19

container likely impacts both plaintiffs' ability to prove their claim and defendants' ability to prove that they were not negligent with regard to the packaging of the marinara sauce. While plaintiffs' complaint did include a negligent "packaging" claim, it also included a claim for the "negligent . . . sale of the marinara sauce." Plaintiffs' brief includes a concise statement of their negligent sale theory of liability, "Martha Valdez was burned because marinara sauce that she ordered from the Pizzeria was too hot."

While we agree with the motion court that spoliation occurred, we disagree with the determination that dismissal of plaintiff's claim was the only appropriate sanction. The motion court incorrectly concluded that less severe sanctions, including the suppression of evidence related to the marinara sauce container, could not effectively address the spoliation in this case. In Robertet, our Supreme Court stressed the need for a "careful evaluation of the particular facts and circumstances of the litigation, in order that the true impact of the spoliated items can be assessed and an appropriate sanction imposed." 203 N.J. at 273-274. The motion court's failure to consider lesser sanctions is contrary to this fact-sensitive approach. Instead of evaluating the available remedies, the court mistakenly presumed that plaintiffs cannot present a viable claim without the missing evidence.

The record lacks evidence that the prejudice from the loss of the marinara sauce container cannot be remedied by precluding plaintiffs from presenting any evidence or claim that the container caused plaintiff's injury. The loss of the container does not irreparably prejudice defendants' ability to defend themselves against the claim the marinara sauce was too hot when sold.

As previously noted, plaintiff submitted evidence that the temperature of a sample of the pizzeria's marinara sauce – obtained six months after plaintiff's burn – was 178.8 degrees Fahrenheit. Furthermore, plaintiff produced a medical expert who opined that a liquid at 162 degrees Fahrenheit causes second or third-degree burns when contacting adult skin. Defendants did not address this issue. Accordingly, we reverse the dismissal of plaintiffs' complaint. On remand, the trial court shall consider the dismissal of the negligent packaging claim as a sanction for the spoliation of the marinara sauce cup and bag.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3294-19